11-4783-cv
Raber v. Merck, Sharp & Dohme Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand thirteen.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> JED S. RAKOFF,[*]
> > *District Judge.*

_____

Sarah Raber,

> *Plaintiff-Appellant*,

> v.                                                                11-4783-cv

Merck, Sharp & Dohme Corp.,

> *Defendant-Appellee*.

_____

_____

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:                      WILLIAM F. CASH, III (Timothy M.
                                    O'Brien, *on the brief*), Levin, Papantonio,
                                    Thomas, Mitchell, Rafferty & Proctor,
                                    P.A., Pensacola, FL.

FOR APPELLEE:                       PAUL F. STRAIN, Venable LLP,
                                    Baltimore, MD; Theodore V.H. Mayer
                                    and William J. Beausoleil, *on the brief*,
                                    Hughes Hubbard & Reed LLP, New
                                    York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED.

Plaintiff-appellant Sarah Raber appeals from the District Court's judgment entered October 21, 2011. On appeal, Raber argues that the District Court erred by dismissing her case with prejudice for failure to prosecute. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review for abuse of discretion the District Court's October 21, 2011 dismissal of Raber's case for failure to prosecute. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). Because "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations," this Court has "fashioned guiding rules that limit a trial court's discretion in [that] context." Id. (quotation marks omitted). In Drake we explained that:

2

we review [a district court's dismissal for failure to prosecute] by examining whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole.

Id. (citations omitted). However, "the district court is not required to discuss the factors on the record." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999).

The District Court was well aware of and considered the five Drake factors, which it listed in its October 21, 2011 order of dismissal. Nevertheless, Raber contends primarily that the court failed adequately to consider the availability of lesser sanctions. We are not persuaded. The District Court's dismissal order followed events that made outright dismissal for lack of prosecution all but inevitable. First, during a conference in mid-September 2011, counsel for Raber told the District Court that it would "have to dismiss for lack of prosecution" due to Raber's inability to appear for trial in November 2011. The District Judge nevertheless refrained from doing so immediately, asking counsel instead for an update if Raber changed her decision not to proceed to trial. Second, in a letter dated October 5, 2011, Raber unequivocally confirmed her intention not to proceed to trial. Third, Merck submitted a letter to the District Court dated October 11, 2011, in which it requested an order dismissing Raber's case under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. At oral argument on appeal, Raber's counsel acknowledged that Raber failed to respond to Merck's letter request, even

3

though she had ample time to do so.  In short, as the District Court observed, Raber was fully "aware that her failure to appear for trial would trigger dismissal."  In addition, Raber fails to show that the District Court might have pursued realistic alternative sanctions.  Further, on this record, the District Court properly found that granting Raber's request would "delay moving forward, in both the Fosamax MDL generally and Raber's case specifically," and "serve no useful purpose."  Under these circumstances, the District Court did not abuse its discretion when it dismissed Raber's case with prejudice.

We have considered Raber's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the October 21, 2011 order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
